******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# NERISSA HOSEIN *v.* SCOT EDMAN ET AL.
## (AC 38472)

Sheldon, Keller and Prescott, Js.

*Syllabus*

The plaintiff sought to recover damages for personal injuries she sustained when her motor vehicle collided with a motor vehicle owned by the defendant Department of Transportation and operated by the defendant E, an employee of the department, in the course of his employment. In an amended complaint, the plaintiff alleged a claim against the department for vicarious liability, claiming that she was traveling southbound on a roadway in Meriden when the vehicle operated by E moved from a stopped position on the shoulder into the travel lane and suddenly, without warning, struck the plaintiff's vehicle from the right side. Despite the allegations in the amended complaint, the plaintiff testified at trial that she never observed the department's vehicle move, while E testified that his vehicle was parked when it was struck from behind by the plaintiff's vehicle. Following a trial to the court, the trial court rendered judgment in favor of the department, and the plaintiff appealed to this court. She claimed that the trial court improperly discredited the testimony of her expert witness, C, an accident reconstructionist, and effectively precluded C's testimony without affording her an evidentiary hearing. *Held* that the plaintiff's claim that the trial court effectively precluded C's testimony was unavailing; although that court initially sustained several of the department's objections to C's testimony, it ultimately admitted his testimony in full and repeatedly stated to the parties that it was admitting all of C's testimony into evidence so that it could later decide what weight, if any, to afford C's testimony in deciding the issues before it, which was within the court's province to do as the trier of fact, and even though the trial court ultimately determined that C's testimony was based on conjecture and speculation and did not rely on it in deciding the issues presented, that statement was indicative of the court's weighing, considering, and ultimately rejecting the substance of C's testimony, not its preclusion of the testimony as evidence at trial.

Argued April 12—officially released July 25, 2017

*Procedural History*

Action to recover damages for the named defendant's alleged negligence, and for other relief, brought to the Superior Court in the judicial district of New Haven and tried to the court, *Hon. Howard F. Zoarski*, judge trial referee; judgment for the defendant Department of Transportation; thereafter, the court, *Hon. Howard F. Zoarski*, judge trial referee, denied the plaintiff's motion for a new trial, motion to reargue, motion for articulation, and motion to set aside the verdict, and the plaintiff appealed to this court; subsequently, the court, *Hon. Howard F. Zoarski*, judge trial referee, issued a corrected memorandum of decision. *Affirmed.*

*Daniel P. Scholfield*, with whom, on the brief, was *Brendan J. Keefe*, for the appellant (plaintiff).

*James E. Coyne*, with whom, on the brief, were *Colleen D. Fries* and *Joseph M. Walsh*, for the appellee (defendant Department of Transportation).

*Opinion*

SHELDON, J. The plaintiff, Nerissa Hosein, commenced this action against the defendant Department of Transportation (department) to recover damages for injuries she allegedly suffered due to the department's vicarious negligence on December 14, 2011, in a motor vehicle collision between her personal automobile and a department owned vehicle. The plaintiff claimed that the collision and her resulting injuries were caused by the negligence of a department employee, Scot Edman, who was then operating the department's vehicle in the course of his employment duties.[1] After a bench trial, the court rendered judgment in favor of the department on the grounds that the plaintiff had failed to prove her claim of negligence by a preponderance of the evidence and, in fact, that the plaintiff's own negligence was the proximate cause of the collision and injuries, in that she had failed to keep a proper lookout and failed to keep her vehicle under proper control at or about the time of the collision.

The plaintiff's sole claim on appeal is that the trial court erred in completely discrediting the testimony of her expert witness, an accident reconstructionist, and thereby "effectively precluding" that witness' testimony, without affording her an evidentiary hearing pursuant to *State* v. *Porter*, 241 Conn. 57, 698 A.2d 739 (1997), cert. denied, 523 U.S. 1058, 118 S. Ct. 1384, 140 L. Ed. 2d 645 (1998). We conclude that the trial court did not preclude the testimony of the plaintiff's expert, but, rather, admitted that testimony in its entirety, before ultimately deciding not to afford it any weight. Accordingly, we affirm the judgment of the trial court.

On December 14, 2011, at approximately 9:00 a.m., the plaintiff was traveling southbound on Frontage Road in Meriden, approaching the point where it turns into an on-ramp to Route 15, when she observed the department's vehicle, which was then being operated by Edman, parked on the grass on the right side of the roadway. As she was passing by the department's vehicle, she heard a loud noise, after which her vehicle flipped over onto its roof, and then began to slide forward and across the road. Although the plaintiff testified that her attention, as she was passing the department's vehicle, was focused forward instead of to her right, and thus she never saw the department's vehicle move, she alleged in her complaint that Edman "moved [the department's vehicle] from a stopped position on the shoulder [of the roadway and] into the [travel] lane, suddenly and without warning, and struck the [plaintiff's] motor vehicle . . . from the front right side . . . ."

The department denied the plaintiff's allegation that Edman had caused the collision between her vehicle and his department owned vehicle by suddenly moving

into the travel lane of the roadway. Edman testified that, on the morning of the accident, he had been setting up construction signs along the roadway in preparation for landscaping work that was scheduled for that day. Edman testified that his vehicle was parked "two thirds in the grass" on the side of the road, that its flashing lights were activated, and that its wheels were "cocked" to the left pursuant to the department's policy, in order to prevent harm to workers who might be working on the side of the road, in the event that the vehicle was struck from behind. He placed a white sign along the side of the road that warned of construction ahead, then returned to his vehicle and fastened his seat belt. He recalled that he was just about to put his vehicle into drive when it was struck from behind. He had not yet looked in his rearview mirror, so he did not see the plaintiff's vehicle approach or strike his vehicle. He testified that his vehicle was pushed twenty to thirty feet as a result of the impact from the collision. The right front of the plaintiff's vehicle impacted the left rear bumper of the department's vehicle.[2]

By way of special defense, the department alleged that the plaintiff's own negligence had proximately caused the collision between her vehicle and the department's vehicle. The department alleged, inter alia, that the plaintiff had been negligent in failing to keep a proper lookout, failing to keep her vehicle under reasonable and proper control and operating her vehicle at a rate of speed greater than what was reasonable in light of the width, traffic and use of the roadway. The plaintiff denied all of the allegations in the department's special defense.

On August 20, 2014, the plaintiff filed a disclosure of expert witness, pursuant to Practice Book § 13-4, in which she disclosed her intention to present at trial the testimony of Alfred Cipriani, an accident reconstructionist, who would opine that "the collision was caused by . . . Edman moving the [department's vehicle] from the shoulder of the road into the southbound travel lane and into the path of [the plaintiff's vehicle]." The department moved to preclude the testimony of Cipriani on the sole ground that the plaintiff's disclosure of him was untimely, and thus that it would not have an adequate opportunity to depose him before trial or to make a later determination as to whether to retain a defense expert. When, however, the trial was rescheduled for a later date, the parties were afforded adequate time to complete discovery and depose Cipriani. Therefore, the department did not pursue its motion to preclude or seek to preclude Cipriani's testimony on any other basis prior to trial.

The case was tried to the court on June 18 and 19, 2015. At trial, the plaintiff called, inter alios, Cipriani to testify on her behalf. During the direct examination of Cipriani, the department repeatedly objected to his

testimony on the ground that it was speculative. Initially, the court sustained many of those objections. Later, however, upon reminding the parties of its ultimate role in the case as the fact finder, it advised the parties that it was going to permit Cipriani to testify fully as to his expert opinions, despite the department's objections, so it could hear everything the witness had to say before deciding what weight, if any, his testimony truly deserved. On that subject, the court explained its approach as follows: "[T]his is a court trial, and I think there are a lot of objections that have been made back and forth. And I think, ultimately, the issue regarding the weight to be given to any conclusion or opinions through this expert witness would be part of the decision the court has to make. So . . . at this time, I'm aware of the [department's] position about objecting to all of the testimony. But I'm going to permit it all to come in, and let me hear what it is, and that will be an ultimate decision for me to make in this matter."

When the plaintiff continued with her direct examination of Cipriani, the department again objected to the admission of his testimony on the ground that it was speculative. In response to that objection, the court reiterated: "As I indicated, I'm going to overrule the objection at this point, based on the statement I made at the beginning of this proceeding . . . . [Y]ou'll have the right to cross-examine the witness, and then ultimately it'll be the court's decision regarding the weight to be given to the total testimony." The plaintiff then resumed her direct examination of Cipriani.

Despite the court's clear rulings rejecting the department's objections, the department again objected to Cipriani's testimony on the ground that it was "clearly speculative." In response, the court once again reiterated: "Well, again, for the reasons I've stated earlier, I'm going to overrule your [objection]. And, at this point, I'm going to continue to hear this witness' testimony." The court further stated: "I'm going to permit cross-examination by defense counsel at the appropriate time. But I want to hear your evidence on direct."

After Cipriani stated certain of his opinions, the department moved, repeatedly, that those opinions be stricken from the record on the ground that they were speculative. Each time, the court denied the department's motion, stating that it would hear all the challenged testimony, then determine, as the ultimate fact finder, what weight to give to that testimony. The court told the department, "I fully want to hear what it is [Cipriani] has to say and what his opinion is. . . . [I]t's for the court to determine the weight to be given to the opinion." The court thus admitted Cipriani's direct examination testimony in its entirety, after which the department was permitted to cross-examine him.

On July 9, 2015, after both parties filed posttrial briefs, the court filed a memorandum of decision rendering

judgment in favor of the department. The court therein found, inter alia, that Cipriani's opinion "was based upon speculation and conjecture [and] was not necessary to assist [it] in deciding the issues." The court concluded its analysis of liability as follows: "This court finds that, based on the evidence, the plaintiff failed to prove her claims of [the department's] negligence by a fair preponderance of the evidence. The court also finds the plaintiff's negligence was the proximate cause of this collision. The plaintiff failed to keep a proper lookout and failed to keep her vehicle under proper control."

The plaintiff thereafter filed motions for a new trial, to reargue and to set aside the verdict. The plaintiff also filed a motion for articulation and rectification. Each of those motions, to which the department objected, challenged the court's finding that Cipriani's opinion was based upon speculation and conjecture. The court held a hearing on September 21, 2015, during which it explained, inter alia: "I didn't feel I need[ed] that expert opinion's assistance to help me decide the merits or the—what decision should be made in this case. It was based upon the evidence that was presented [at] trial. And [I], then, drew reasonable legal conclusions, which is my job to do. So, the mere fact that I did not give any weight to the expert['s] [testimony] is not a basis for me to set aside this verdict." The court indicated that it "took all of the evidence [into consideration in order] to come to [its] findings of fact and [its] ultimate conclusion . . . ." The court denied the plaintiff's motions[3] and this appeal followed.

The plaintiff claims that the court erred by not relying at all upon Cipriani's testimony, by which, she claims, it effectively precluded such testimony without holding a *Porter* hearing. We disagree.

"It is well settled that [t]he trial court has wide discretion in ruling on the admissibility of expert testimony and, unless that discretion has been abused or the ruling involves a clear misconception of the law, the trial court's decision will not be disturbed." (Internal quotation marks omitted.) *Hicks* v. *State*, 287 Conn. 421, 444, 948 A.2d 982 (2008). Similarly, "we give great deference to the findings of the trial court because of its function to weigh and interpret the evidence before it and to pass upon the credibility of witnesses . . . ." (Internal quotation marks omitted.) *Wyszomierski* v. *Siracusa*, 290 Conn. 225, 237–38, 963 A.2d 943 (2009).

Here, the plaintiff's claim that the court precluded Cipriani's testimony is belied by the record. Although the court initially sustained several of the department's oral objections to Cipriani's testimony on the ground that it was speculative, it ultimately admitted his testimony in full. Thereafter, Cipriani testified extensively, over repeated defense objections. In overruling those objections, the court repeatedly stated that it was admit-

ting all of Cipriani's testimony into evidence so that it could later decide what weight, if any, to give that testimony in deciding the issues before it. Having done so, the court was free to evaluate Cipriani's opinion testimony, and reject it in whole or in part, because "[t]he acceptance or rejection of the opinions of expert witnesses is a matter peculiarly within the province of the trier of fact and its determinations will be accorded great deference by this court. . . . In its consideration of the testimony of an expert witness, the [finder of fact] might weigh, as it sees fit, the expert's expertise, his opportunity to observe the defendant and to form an opinion, and his thoroughness. It might consider also the reasonableness of his judgments about the underlying facts and of the conclusions which he drew from them. . . . It is well settled that the trier of fact can disbelieve any or all of the evidence proffered . . . ." (Internal quotation marks omitted.) *State* v. *Washington*, 155 Conn. App. 582, 593–94, 110 A.3d 493 (2015). Although the court ultimately determined that Cipriani's testimony was based on conjecture and speculation, and that it was not necessary for the court to rely on it in deciding the issues presented, that statement is indicative of the court's weighing, consideration, and ultimate rejection, of the substance of Cipriani's testimony, not its preclusion as evidence at trial.

Because the record does not support the plaintiff's contention that the court precluded her expert's testimony, but, rather, reveals that it admitted that testimony and then properly acted within its role as the finder of fact in weighing and rejecting that testimony, her claim on appeal must fail.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff's initial complaint contained two counts, one against Edman directly for his negligence and another against the department claiming vicarious liability for Edman's negligence. Edman moved to strike the claim against him pursuant to General Statutes § 4-165. The plaintiff thereafter amended her complaint, deleting the count against Edman.

[2] The court also noted: "The defense also presented an independent third-party witness, Kevin Gause, who had just passed the signs and . . . the [department's] vehicle was stopped and the sign was there in the placed position prior to the collision."

[3] The trial court denied the plaintiff's motion for articulation, from which the plaintiff sought review from this court. This court dismissed the plaintiff's motion for review, but sua sponte, ordered the trial court to rectify its July 9, 2015 memorandum of decision to indicate that the "plaintiff presented a purported accident reconstructionist . . . ."